C

10-23-20

1

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                    SUPERIOR COURT
                                                 CIVIL ACITON NO.   20 83CV 60817 A

---

MARJORIE C. MACLEOD,                    )
                                        )
      *Plaintiff,*                      )
                                        )
*vs.*                                   )
                                        )
TOWN OF HULL and PAUL PAQUIN,           )
PAUL EPSTEIN, SEAN BANNEN, LOU          )
SORGI, JENNIFER STONE and               )
TAMMY BEST, as they are members of      )
the Conservation Commission of the      )
Town of Hull,                           )
                                        )
      *Defendants.*                     )
                                        )

---

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

OCT 2 3 2020

Clerk of Court

## PETITION FOR CERTIORARI AND COMPLAINT

Plaintiff Marjorie C. MacLeod (herein "Plaintiff" or "MacLeod"), for her

Complaint in this action against Defendants, hereby states and alleges as follows:

### Nature of the Action

1.      This action is brought pursuant to Massachusetts General Laws, Chapter

249, Section 4, in the nature of Certiorari, for a review of the Decision of the

Conservation Commission of the Town of Hull made on August 25, 2020 to issue a

Certificate of Compliance to neighbors of Plaintiff.  The Certificate of Compliance

purported to validate the neighbors' partial demolition of a garden wall that was situate

on property owned by Plaintiff, even though the Order of Conditions for the neighbors'

project specifically stated that "Work done under this Order is restricted to applicant's

property."  The Certificate of Compliance was issued based upon an error of law and the

issuance was arbitrary and capricious.  Plaintiff also seeks other relief against the Town arising from this incident.

### Parties

2.      Plaintiff Marjorie C. MacLeod ("Plaintiff" or "MacLeod") is an individual who resides at 18 Manomet Avenue, Hull, Plymouth County, Massachusetts 02045.

3.      Defendant Town of Hull is a duly organized municipal corporation existing under the laws of the Commonwealth of Massachusetts with a principal place of business at Town Hall, 253 Atlantic Avenue, Hull, Plymouth County, Massachusetts 02045.

4.      The Conservation Commission of the Town of Hull is a duly constituted board of the Town of Hull with a principal place of business at Town Hall, 253 Atlantic Avenue, Hull, Plymouth County, Massachusetts 02045.

5.      The following individual Defendants are members of the Conservation Commission of the Town of Hull:

> Paul Paquin
> Paul Epstien
> Sean Bannen
> Lou Sorgi
> Jennifer Stone
> Tammy Best

The Conservation Commission of the Town of Hull and its above-listed members are collectively referred to herein as the "Conservation Commission."

### Allegations Applicable To All Counts

6.      Plaintiff MacLeod is the owner of a parcel of land situate in Hull, Plymouth County, Massachusetts, known as and numbered 18 Manomet Avenue.

- 2 -

MacLeod acquired this property by deed dated June 21, 1993 and recorded with the Plymouth Registry of Deeds in Book 11967 at Page 90. MacLeod's property is improved with a two-story, single family home, which MacLeod has occupied as her primary residence since she purchased the property in 1993.

7.      Plaintiff's neighbors, Athanasios and Vasilia Mitropoulos (herein the "Neighbors"), own record title to a parcel of land that abuts the Plaintiff's property on the southeast, known as and numbered 27 Beach Avenue, Hull, Massachusetts 02045. The Neighbors acquired this land through a deed from Dowd *et al.* dated June 29, 2016 and recorded with the Plymouth Registry of Deeds in Book 47151 at Page 231.

8.      On or about April 11, 2019, the Neighbors filed a Notice of Intent under the Massachusetts Wetlands Protection Act, Mass. Gen. Laws ch. 131 § 40, with the Conservation Commission requesting permission to perform certain work involving, "Relocate existing wall to property boundaries."

9.      The wall to which the Neighbors' NOI referred was a garden wall, approximately four feet high, which bounded the Plaintiff's side yard on the Southeast side. The Neighbors represented to the Conservation Commission that their property line bisected this wall and the Neighbors asked for permission to demolish that portion of the wall which the Neighbors claimed was on their property.

10.     At the subsequent public hearings on the Neighbors' NOI, the Plaintiff through counsel presented substantial, unrebutted evidence that she, in fact, owned the entirety of this wall, and the side yard to which it was adjacent, through adverse possession as a result of her nonpermissive use of the wall and parcel, which use was actual, open, notorious, exclusive and adverse for more than 20 years.

11.     The Hull Conservation Commission ultimately refused to adjudicate the issue of title, and took no position on the ownership of MacLeod's side yard or whether the Defendants had any legal right to demolish MacLeod's concrete wall.  Instead, the Conservation Commission included in its Order of Conditions (a copy of which is attached hereto as Exhibit A) a special condition stating: "Work done under this Order is restricted to applicant's property." (*See* Order of Conditions, Exhibit A hereto, last page). This Special Condition was necessary to make the Order of Conditions lawful under 310 CMR 10.05(6) which provides:  "An Order of Conditions does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of property rights."

12.     Contrary to the express terms of this Special Condition, however, the Neighbors immediately hired a contractor who demolished about half of the Plaintiff's garden wall.

13.     Despite this violation of the Order of Conditions, on or about August 10, 2020, the Neighbors applied to the Conservation Commission for a Certificate of Compliance, a copy of which is attached as Exhibit B.

14.     On August 25, 2020, the Conservation Commission held a hearing on the Neighbors' application for a Certificate of Compliance.  Plaintiff and her counsel appeared at and participated in that hearing.  Plaintiff's counsel argued, *inter alia*, that no Certificate of Compliance could be issued because the Neighbors had clearly violated that provision of the Special Conditions prohibiting them from doing work on property they did not own.  There was also unrebutted evidence, submitted to the Conservation

- 4 -

Commission and in the record from the prior hearings, that Plaintiff owned this wall through adverse possession.

15.    Nevertheless, at the August 25, 2020 hearing, the members of the Conservation Commission voted to issue the Neighbors a Certificate of Compliance, a copy of which is attached as Exhibit C.

## CLAIMS FOR RELIEF

## COUNT ONE

## (Petition for Certiorari)

16.    Plaintiff incorporates by this reference, repeats and realleges all of the allegations contained in each of the preceding paragraphs of this Complaint.

17.    This Count is brought against the Conservation Commission of the Town of Hull pursuant to Massachusetts General Laws, Chapter 249, Section 4, in the nature of Certiorari.

18.    The Conservation Commission's issuance of a Certificate of Compliance to the Neighbors was based upon and constituted a substantial error of law.

19.    The Conservation Commission's issuance of a Certificate of Compliance to the Neighbors was not supported by substantial or reliable evidence.

20.    The Conservation Commission's issuance of a Certificate of Compliance to the Neighbors was arbitrary and capricious.

21.    The Conservation Commission's erroneous and unlawful issuance of a Certificate of Compliance to the Neighbors, in effect validating the Neighbors' destruction of Plaintiff's property, adversely affected the material rights of the Plaintiff.

22.     Wherefore, the Court should issue a Writ of Certiorari to the Conservation Commission voiding the Certificate of Compliance issued by the Conservation Commission to the Neighbors, and should grant the Plaintiff such other and further relief as the Court deems just and appropriate.

## COUNT TWO

### (Declaratory Judgment)

23.     Plaintiff incorporates by this reference, repeats and realleges all of the allegations contained in each of the preceding paragraphs of this Complaint.

24.     This Count is brought pursuant to the Massachusetts Declaratory Judgment Act, Mass. Gen. Laws ch. 231A, to resolve an actual controversy regarding the Plaintiff's right and obligation to rebuild and replace that portion of Plaintiff's garden wall which was demolished by her Neighbors.

25.     The Neighbors' demolition of a portion of Plaintiff's garden wall was in direct violation of the Order of Conditions issued to the Neighbors by the Conservation Commission.

26.     If and to the extent such demolition required permission of the Conservation Commission under the Wetlands Protection Act, Mass. Gen. Laws ch. 141 § 40, the regulations promulgated pursuant thereto, or any other statute, regulations or by-laws, Plaintiff as the owner of the wall is required to rebuild the wall to its original state.

27.     This obligation to rebuild is incorporated into the Wetlands Protection

Act:

> Any person who purchases, inherits or otherwise acquires real estate upon
> which work has been done in violation of the provisions of this section or
> in violation of any order issued under this section shall forthwith comply
> with any such order or restore such real estate to its condition prior to any
> such violation;

Mass. Gen. Laws ch. 141 § 40.

28.     This restoration obligation is also set forth expressly in the Neighbors'

Order of Conditions, Special Condition No. 10 (Exhibit A at next to last page).

29.     As a result, Plaintiff MacLeod is entitled to a declaratory judgment that

she is legally entitled to rebuild that portion of her garden wall which was demolished by

the Neighbors.

## COUNT THREE

### (Taking)

30.     Plaintiff incorporates by this reference, repeats and realleges all of the

allegations contained in each of the preceding paragraphs of this Complaint.

31.     The Town of Hull's acts and omissions by and through its Conservation

Commission, as alleged above, constitute a taking of the Plaintiff's property without

compensation in violation of the Constitution of the United States of America and the

Constitution of the Commonwealth of Massachusetts.

## COUNT FOUR

### (Deprivation of Due Process)

32.     Plaintiff incorporates by this reference, repeats and realleges all of the allegations contained in each of the preceding paragraphs of this Complaint.

33.     The Town of Hull's acts and omissions by and through its Conservation Commission, as alleged above, deprived the Plaintiff of her due process rights in violation of the Constitution of the United States of America and the Constitution of the Commonwealth of Massachusetts.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands the following relief:

A.     On Count One, that the Court issue a Writ of Certiorari to the Conservation Commission declaring void and nullifying the vote and acts of the Conservation Commission in issuing a Certificate of Compliance to the Plaintiff's Neighbors;

B.     On Count Two, that the Court enter a declaratory judgment that the Plaintiff has the right and obligation to rebuild that portion of her garden wall which was demolished by the Neighbors;

C.     On Count Three, that the Court enter judgment against the Town of Hull in an amount equal to the losses and damages suffered by Plaintiff as a result of the Town's taking of her property without compensation;

D.    On Count Four, that the Court enter judgment against the Town of Hull in an amount equal to the losses and damages suffered by Plaintiff as a result of the Town's deprivation of her due process rights; and

E.    On all Counts, that the Court award interest, costs, attorneys fees and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

To the extent Plaintiff is entitled to claim a jury trial on all or any of the claims asserted in this Complaint, Plaintiff demands a trial by jury on each and every claim and count asserted in this Complaint and each and every defense and counterclaim asserted thereto.

**MARJORIE C. MACLEOD,**
Plaintiff,
By her attorney,

Stephen W. Rider, Esq., BBO # 419820
Stephen W. Rider, P.C.
350 Lincoln Street – Suite 2400
Hingham, MA 02043
Tel: 781-740-1289
Fax: 781-207-9160
Email: stephen.rider@swrpc.com

Dated: 10/23/20



# HULL CONSERVATION COMMISSION
253 Atlantic Avenue
Hull, MA 02045

Phone: (781) 925-8102                                    Fax: (781) 925-8509

**DEP File#: SE35-1474**          **Project Site:**      **27 Beach Avenue**
                                                          **Map 23/Lot 004**

**Applicant:   Athanasios Mitropoulos**      **Property Owner:   SAME**
              **9 Kirkstall Road**
              **Newton, MA 02460**

To Whom It May Concern:

Enclosed please find the Order of Conditions pursuant to the Wetlands Protection Act, General Laws, Chapter 131, Section 40 for the above referenced filing. **Please contact Conservation Administrator Chris Krahforst at your earliest convenience to discuss your schedule and plans for moving forward with this project.**

Pay particular attention to the attachments entitled Hull Standard Conditions and Hull Special Conditions. A copy of this Order, as well as the referenced plans, must be included with any and all contracts and/or bid proposals.

## PRIOR TO STARTING THE PROJECT THE FOLLOWING THREE ITEMS MUST BE COMPLETED:
1) In accordance with Standard Condition #2 of this Order, no work shall begin until all appeal periods have elapsed, the original Order is recorded at the Registry of Deeds. Subject to compliance with General Condition #9 of this Order, work on the project may not begin until the Conservation Commission receives from you the tear-off form, properly filled out at the Registry of Deeds in Plymouth. The tear off form is Section G. Recording Information of the Order.

2) Prior to the start of any activity an appointment must be scheduled with the Conservation Commission office.

3) In accordance with Standard Condition #2 of this Order a sign (not less than 2 feet square or more than 3 feet square) shall be displayed so as to be visible from the public street. The sign shall be black letters on a white background and have the following information:
           **DEP FILE#**
           **SE35-1474**

In accordance with Standard Condition #18 of this Order, upon completion of the project, you must send to the Conservation Commission a request in writing that a Certificate of Compliance be issued to you stating that the work has been satisfactorily completed. In accordance with the Wetlands Protection Act Regulations [310 CMR 10.05(9)(d)], your request for a Certificate of Compliance must be presented on WPA Form 8A. Your Certificate of Compliance must be recorded and proof of recording sent to the Conservation Commission as required by the Wetlands Protection Act Regulation [310 CMR 10.05(9)(f)].

If you have any questions, please feel free to call.

On Behalf of the Commission,

Chris Krahforst
Conservation Administrator



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:

SE35-1474
MassDEP File #

_____
eDEP Transaction #

Hull
City/Town

## A. General Information

Please note:
this form has
been modified
with added
space to
accommodate
the Registry
of Deeds
Requirements

**1. From:**   Hull
Conservation Commission

**2. This issuance is for** (check one):   a. ☒ Order of Conditions   b. ☐ Amended Order of Conditions

**3. To:**   Applicant:

| Athanasios | Mitropoulos |
|---|---|
| a. First Name | b. Last Name |

Important:
When filling
out forms on
the computer,
use only the
tab key to
move your
cursor - do
not use the
return key.

c. Organization

9 Kirstall Road
d. Mailing Address

| Newton | MA | 02460 |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |





**4. Property Owner (if different from applicant):**

| SAME | |
|---|---|
| a. First Name | b. Last Name |

c. Organization

d. Mailing Address

| | | |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

**5. Project Location:**

| 27 Beach Avenue | Hull |
|---|---|
| a. Street Address | b. City/Town |
| Map 23 | Lot 004 |
| c. Assessors Map/Plat Number | d. Parcel/Lot Number |

Latitude and Longitude, if known:

| d | m | s | | d | m | s |
|---|---|---|---|---|---|---|
| d. Latitude | | | | e. Longitude | | |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:

SE35-1474
MassDEP File #

eDEP Transaction #

Hull
City/Town

## A. General Information (cont.)

6. Property recorded at the Registry of Deeds for (attach additional information if more than one parcel):

Plymouth

| | |
|---|---|
| a. County | b. Certificate Number (if registered land) |
| 47151 | 231 |
| c. Book | d. Page |

7. Dates:

| 04/11/2019 | 09/24/2019 | 09/26/2019 |
|---|---|---|
| a. Date Notice of Intent Filed | b. Date Public Hearing Closed | c. Date of Issuance |

8. Final Approved Plans and Other Documents (attach additional plan or document references as needed):

See attached Special Conditions
a. Plan Title

| | |
|---|---|
| b. Prepared By | c. Signed and Stamped by |
| d. Final Revision Date | e. Scale |
| f. Additional Plan or Document Title | g. Date |

## B. Findings

1. Findings pursuant to the Massachusetts Wetlands Protection Act:

   Following the review of the above-referenced Notice of Intent and based on the information provided in this application and presented at the public hearing, this Commission finds that the areas in which work is proposed is significant to the following interests of the Wetlands Protection Act (the Act). Check all that apply:

   a. ☐ Public Water Supply   b. ☐ Land Containing Shellfish   c. ☒ Prevention of Pollution

   d. ☐ Private Water Supply   e. ☐ Fisheries   f. ☒ Protection of Wildlife Habitat

   g. ☐ Groundwater Supply   h. ☒ Storm Damage Prevention   i. ☒ Flood Control

2. This Commission hereby finds the project, as proposed, is: (check one of the following boxes)

   **Approved** subject to:

   a. ☒ the following conditions which are necessary in accordance with the performance standards set forth in the wetlands regulations. This Commission orders that all work shall be performed in accordance with the Notice of Intent referenced above, the following General Conditions, and any other special conditions attached to this Order. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, these conditions shall control.

**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #

eDEP Transaction #

Hull
City/Town

---

## B. Findings (cont.)

**Denied** because:

b. ☐ the proposed work cannot be conditioned to meet the performance standards set forth in the wetland regulations. Therefore, work on this project may not go forward unless and until a new Notice of Intent is submitted which provides measures which are adequate to protect the interests of the Act, and a final Order of Conditions is issued. **A description of the performance standards which the proposed work cannot meet is attached to this Order.**

c. ☐ the information submitted by the applicant is not sufficient to describe the site, the work, or the effect of the work on the interests identified in the Wetlands Protection Act. Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides sufficient information and includes measures which are adequate to protect the Act's interests, and a final Order of Conditions is issued. **A description of the specific information which is lacking and why it is necessary is attached to this Order as per 310 CMR 10.05(6)(c).**

3. ☐ Buffer Zone Impacts: Shortest distance between limit of project disturbance and the wetland resource area specified in 310 CMR 10.02(1)(a)     _____
a. linear feet

**Inland Resource Area Impacts:** Check all that apply below. (For Approvals Only)

| Resource Area | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 4. ☐ Bank | a. linear feet | b. linear feet | c. linear feet | d. linear feet |
| 5. ☐ Bordering Vegetated Wetland | a. square feet | b. square feet | c. square feet | d. square feet |
| 6. ☐ Land Under Waterbodies and Waterways | a. square feet | b. square feet | c. square feet | d. square feet |
| | e. c/y dredged | f. c/y dredged | | |
| 7. ☐ Bordering Land Subject to Flooding | a. square feet | b. square feet | c. square feet | d. square feet |
| Cubic Feet Flood Storage | e. cubic feet | f. cubic feet | g. cubic feet | h. cubic feet |
| 8. ☐ Isolated Land Subject to Flooding | a. square feet | b. square feet | | |
| Cubic Feet Flood Storage | c. cubic feet | d. cubic feet | e. cubic feet | f. cubic feet |
| 9. ☐ Riverfront Area | a. total sq. feet | b. total sq. feet | | |
| Sq ft within 100 ft | c. square feet | d. square feet | e. square feet | f. square feet |
| Sq ft between 100-200 ft | g. square feet | h. square feet | i. square feet | j. square feet |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #

eDEP Transaction #

Hull
City/Town

---

## B. Findings (cont.)

**Coastal Resource Area Impacts:** Check all that apply below. (For Approvals Only)

| | Proposed Alteration | Permitted Alteration | Proposed Replacement | Permitted Replacement |
|---|---|---|---|---|
| 10. ☐ Designated Port Areas | Indicate size under Land Under the Ocean, below | | | |
| 11. ☐ Land Under the Ocean | a. square feet | b. square feet | | |
| | c. c/y dredged | d. c/y dredged | | |
| 12. ☒ Barrier Beaches | Indicate size under Coastal Beaches and/or Coastal Dunes below | | | |
| 13. ☐ Coastal Beaches | a. square feet | b. square feet | cu yd c. nourishment | cu yd d. nourishment |
| 14. ☐ Coastal Dunes | a. square feet | b. square feet | cu yd c. nourishment | cu yd d. nourishment |
| 15. ☐ Coastal Banks | a. linear feet | b. linear feet | | |
| 16. ☐ Rocky Intertidal Shores | a. square feet | b. square feet | | |
| 17. ☐ Salt Marshes | a. square feet | b. square feet | c. square feet | d. square feet |
| 18. ☐ Land Under Salt Ponds | a. square feet | b. square feet | | |
| | c. c/y dredged | d. c/y dredged | | |
| 19. ☐ Land Containing Shellfish | a. square feet | b. square feet | c. square feet | d. square feet |
| 20. ☐ Fish Runs | Indicate size under Coastal Banks, Inland Bank, Land Under the Ocean, and/or inland Land Under Waterbodies and Waterways, above | | | |
| | a. c/y dredged | b. c/y dredged | | |
| 21. ☒ Land Subject to Coastal Storm Flowage | 120 a. square feet | 120 b. square feet | | |
| 22. ☐ Riverfront Area | a. total sq. feet | b. total sq. feet | | |
| Sq ft within 100 ft | c. square feet | d. square feet | e. square feet | f. square feet |
| Sq ft between 100-200 ft | g. square feet | h. square feet | i. square feet | j. square feet |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #

eDEP Transaction #
Hull
City/Town

## B. Findings (cont.)

* #23. If the project is for the purpose of restoring or enhancing a wetland resource area in addition to the square footage that has been entered in Section B.5.c (BVW) or B.17.c (Salt Marsh) above, please enter the additional amount here.

23. ☐ Restoration/Enhancement *:

_____          _____
a. square feet of BVW                             b. square feet of salt marsh

24. ☐ Stream Crossing(s):

_____          _____
a. number of new stream crossings          b. number of replacement stream crossings

## C. General Conditions Under Massachusetts Wetlands Protection Act

**The following conditions are only applicable to Approved projects.**

1. Failure to comply with all conditions stated herein, and with all related statutes and other regulatory measures, shall be deemed cause to revoke or modify this Order.

2. The Order does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of private rights.

3. This Order does not relieve the permittee or any other person of the necessity of complying with all other applicable federal, state, or local statutes, ordinances, bylaws, or regulations.

4. The work authorized hereunder shall be completed within three years from the date of this Order unless either of the following apply:
   a. The work is a maintenance dredging project as provided for in the Act; or
   b. The time for completion has been extended to a specified date more than three years, but less than five years, from the date of issuance. If this Order is intended to be valid for more than three years, the extension date and the special circumstances warranting the extended time period are set forth as a special condition in this Order.
   c. If the work is for a Test Project, this Order of Conditions shall be valid for no more than one year.

5. This Order may be extended by the issuing authority for one or more periods of up to three years each upon application to the issuing authority at least 30 days prior to the expiration date of the Order.  An Order of Conditions for a Test Project may be extended for one additional year only upon written application by the applicant, subject to the provisions of 310 CMR 10.05(11)(f).

6. If this Order constitutes an Amended Order of Conditions, this Amended Order of Conditions does not extend the issuance date of the original Final Order of Conditions and the Order will expire on _____ unless extended in writing by the Department.

7. Any fill used in connection with this project shall be clean fill. Any fill shall contain no trash, refuse, rubbish, or debris, including but not limited to lumber, bricks, plaster, wire, lath, paper, cardboard, pipe, tires, ashes, refrigerators, motor vehicles, or parts of any of the foregoing.



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:

SE35-1474
MassDEP File #

eDEP Transaction #

Hull
City/Town

## C. General Conditions Under Massachusetts Wetlands Protection Act

8. This Order is not final until all administrative appeal periods from this Order have elapsed, or if such an appeal has been taken, until all proceedings before the Department have been completed.

9. No work shall be undertaken until the Order has become final and then has been recorded in the Registry of Deeds or the Land Court for the district in which the land is located, within the chain of title of the affected property. In the case of recorded land, the Final Order shall also be noted in the Registry's Grantor Index under the name of the owner of the land upon which the proposed work is to be done. In the case of the registered land, the Final Order shall also be noted on the Land Court Certificate of Title of the owner of the land upon which the proposed work is done. The recording information shall be submitted to the Conservation Commission on the form at the end of this Order, which form must be stamped by the Registry of Deeds, prior to the commencement of work.

10. A sign shall be displayed at the site not less then two square feet or more than three square feet in size bearing the words,

"Massachusetts Department of Environmental Protection" [or, "MassDEP"]

"File Number     SE35-1474     "

11. Where the Department of Environmental Protection is requested to issue a Superseding Order, the Conservation Commission shall be a party to all agency proceedings and hearings before MassDEP.

12. Upon completion of the work described herein, the applicant shall submit a Request for Certificate of Compliance (WPA Form 8A) to the Conservation Commission.

13. The work shall conform to the plans and special conditions referenced in this order.

14. Any change to the plans identified in Condition #13 above shall require the applicant to inquire of the Conservation Commission in writing whether the change is significant enough to require the filing of a new Notice of Intent.

15. The Agent or members of the Conservation Commission and the Department of Environmental Protection shall have the right to enter and inspect the area subject to this Order at reasonable hours to evaluate compliance with the conditions stated in this Order, and may require the submittal of any data deemed necessary by the Conservation Commission or Department for that evaluation.

16. This Order of Conditions shall apply to any successor in interest or successor in control of the property subject to this Order and to any contractor or other person performing work conditioned by this Order.



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #

eDEP Transaction #
Hull
City/Town

## C. General Conditions Under Massachusetts Wetlands Protection Act (cont.)

17. Prior to the start of work, and if the project involves work adjacent to a Bordering Vegetated Wetland, the boundary of the wetland in the vicinity of the proposed work area shall be marked by wooden stakes or flagging. Once in place, the wetland boundary markers shall be maintained until a Certificate of Compliance has been issued by the Conservation Commission.

18. All sedimentation barriers shall be maintained in good repair until all disturbed areas have been fully stabilized with vegetation or other means. At no time shall sediments be deposited in a wetland or water body. During construction, the applicant or his/her designee shall inspect the erosion controls on a daily basis and shall remove accumulated sediments as needed. The applicant shall immediately control any erosion problems that occur at the site and shall also immediately notify the Conservation Commission, which reserves the right to require additional erosion and/or damage prevention controls it may deem necessary. Sedimentation barriers shall serve as the limit of work unless another limit of work line has been approved by this Order.

19. The work associated with this Order (the "Project")
    (1) ☐  is subject to the Massachusetts Stormwater Standards
    (2) ☒  is NOT subject to the Massachusetts Stormwater Standards

    **If the work is subject to the Stormwater Standards, then the project is subject to the following conditions:**

    a)  All work, including site preparation, land disturbance, construction and redevelopment, shall be implemented in accordance with the construction period pollution prevention and erosion and sedimentation control plan and, if applicable, the Stormwater Pollution Prevention Plan required by the National Pollution Discharge Elimination System Construction General Permit as required by Stormwater Condition 8.  Construction period erosion, sedimentation and pollution control measures and best management practices (BMPs) shall remain in place until the site is fully stabilized.

    b)  No stormwater runoff may be discharged to the post-construction stormwater BMPs unless and until a Registered Professional Engineer provides a Certification that:
    *i.* all construction period BMPs have been removed or will be removed by a date certain specified in the Certification.  For any construction period BMPs intended to be converted to post construction operation for stormwater attenuation, recharge, and/or treatment, the conversion is allowed by the MassDEP Stormwater Handbook BMP specifications and that the BMP has been properly cleaned or prepared for post construction operation, including removal of all construction period sediment trapped in inlet and outlet control structures;
    *ii.* as-built final construction BMP plans are included, signed and stamped by a Registered Professional Engineer, certifying the site is fully stabilized;
    *iii.* any illicit discharges to the stormwater management system have been removed, as per the requirements of Stormwater Standard 10;



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #
_____

eDEP Transaction #
Hull
City/Town

---

## C. General Conditions Under Massachusetts Wetlands Protection Act (cont.)

*iv.* all post-construction stormwater BMPs are  installed in accordance with the plans (including all planting plans) approved by the issuing authority, and have been inspected to ensure that they are not damaged and that they are in proper working condition;

*v.* any vegetation associated with post-construction BMPs is suitably established to withstand erosion.

c)   The landowner is responsible for BMP maintenance until the issuing authority is notified that another party has legally assumed responsibility for BMP maintenance.  Prior to requesting a Certificate of Compliance, or Partial Certificate of Compliance, the responsible party (defined in General Condition 18(e)) shall execute and submit to the issuing authority an Operation and Maintenance Compliance Statement ("O&M Statement") for the Stormwater BMPs identifying the party responsible for implementing the stormwater BMP Operation and Maintenance Plan ("O&M Plan") and certifying the following:

   i.) the O&M Plan is complete and will be implemented upon receipt of the Certificate of Compliance, and

   ii.) the future responsible parties shall be notified in writing of their ongoing legal responsibility to operate and maintain the stormwater management BMPs and implement the Stormwater Pollution Prevention Plan.

d)   Post-construction pollution prevention and source control shall be implemented in accordance with the long-term pollution prevention plan section of the approved Stormwater Report and, if applicable, the Stormwater Pollution Prevention Plan required by the National Pollution Discharge Elimination System Multi-Sector General Permit.

e)   Unless and until another party accepts responsibility, the landowner, or owner of any drainage easement, assumes responsibility for maintaining each BMP.  To overcome this presumption, the landowner of the property must submit to the issuing authority a legally binding agreement of record, acceptable to the issuing authority, evidencing that another entity has accepted responsibility for maintaining the BMP, and that the proposed responsible party shall be treated as a permittee for purposes of implementing the requirements of Conditions 18(f) through 18(k) with respect to that BMP.  Any failure of the proposed responsible party to implement the requirements of Conditions 18(f) through 18(k) with respect to that BMP shall be a violation of the Order of Conditions or Certificate of Compliance.  In the case of stormwater BMPs that are serving more than one lot, the legally binding agreement shall also identify the lots that will be serviced by the stormwater BMPs.  A plan and easement deed that grants the responsible party access to perform the required operation and maintenance must be submitted along with the legally binding agreement.

f)   The responsible party shall operate and maintain all stormwater BMPs in accordance with the design plans, the O&M Plan, and the requirements of the Massachusetts Stormwater Handbook.



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #

eDEP Transaction #
Hull
City/Town

## C. General Conditions Under Massachusetts Wetlands Protection Act (cont.)

g)  The responsible party shall:
1.  Maintain an operation and maintenance log for the last three (3) consecutive calendar years of inspections, repairs, maintenance and/or replacement of the stormwater management system or any part thereof, and disposal (for disposal the log shall indicate the type of material and the disposal location);
2.  Make the maintenance log available to MassDEP and the Conservation Commission ("Commission") upon request; and
3.  Allow members and agents of the MassDEP and the Commission to enter and inspect the site to evaluate and ensure that the responsible party is in compliance with the requirements for each BMP established in the O&M Plan approved by the issuing authority.

h)  All sediment or other contaminants removed from stormwater BMPs shall be disposed of in accordance with all applicable federal, state, and local laws and regulations.
i)  Illicit discharges to the stormwater management system as defined in 310 CMR 10.04 are prohibited.
j)  The stormwater management system approved in the Order of Conditions shall not be changed without the prior written approval of the issuing authority.
k)  Areas designated as qualifying pervious areas for the purpose of the Low Impact Site Design Credit (as defined in the MassDEP Stormwater Handbook, Volume 3, Chapter 1, Low Impact Development Site Design Credits) shall not be altered without the prior written approval of the issuing authority.

l)  Access for maintenance, repair, and/or replacement of BMPs shall not be withheld. Any fencing constructed around stormwater BMPs shall include access gates and shall be at least six inches above grade to allow for wildlife passage.

Special Conditions (If you need more space for additional conditions, please attach a text document):
**See attached Special Conditions page**

_____

_____

_____

_____

20.  For Test Projects subject to 310 CMR 10.05(11), the applicant shall also implement the monitoring plan and the restoration plan submitted with the Notice of Intent. If the conservation commission or Department determines that the Test Project threatens the public health, safety or the environment, the applicant shall implement the removal plan submitted with the Notice of Intent or modify the project as directed by the conservation commission or the Department.

4



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #

eDEP Transaction #
Hull
City/Town

## D. Findings Under Municipal Wetlands Bylaw or Ordinance

1. Is a municipal wetlands bylaw or ordinance applicable?  ☐ Yes  ☒ No

2. The _____ hereby finds (check one that applies):
   Conservation Commission

   a. ☐ that the proposed work cannot be conditioned to meet the standards set forth in a municipal ordinance or bylaw, specifically:

   _____   _____
   1. Municipal Ordinance or Bylaw                                    2. Citation

   Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides measures which are adequate to meet these standards, and a final Order of Conditions is issued.

   b. ☐ that the following additional conditions are necessary to comply with a municipal ordinance or bylaw:

   _____   _____
   1. Municipal Ordinance or Bylaw                                    2. Citation

3. The Commission orders that all work shall be performed in accordance with the following conditions and with the Notice of Intent referenced above. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, the conditions shall control.

   The special conditions relating to municipal ordinance or bylaw are as follows (if you need more space for additional conditions, attach a text document):

   _____

   _____

   _____

   _____

4



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35-1474
MassDEP File #

eDEP Transaction #

Hull
City/Town

## E. Signatures

This Order is valid for three years, unless otherwise specified as a special condition pursuant to General Conditions #4, from the date of issuance.

Please indicate the number of members who will sign this form.
This Order must be signed by a majority of the Conservation Commission.

9/26/2019
1. Date of Issuance

6
2. Number of Signers

The Order must be mailed by certified mail (return receipt requested) or hand delivered to the applicant. A copy also must be mailed or hand delivered at the same time to the appropriate Department of Environmental Protection Regional Office, if not filing electronically, and the property owner, if different from applicant.

Signatures:

☐ by hand delivery on

Date

☐ by certified mail, return receipt requested, on   9/26/2019

Date

## F. Appeals

The applicant, the owner, any person aggrieved by this Order, any owner of land abutting the land subject to this Order, or any ten residents of the city or town in which such land is located, are hereby notified of their right to request the appropriate MassDEP Regional Office to issue a Superseding Order of Conditions. The request must be made by certified mail or hand delivery to the Department, with the appropriate filing fee and a completed Request for Departmental Action Fee Transmittal Form, as provided in 310 CMR 10.03(7) within ten business days from the date of issuance of this Order. A copy of the request shall at the same time be sent by certified mail or hand delivery to the Conservation Commission and to the applicant, if he/she is not the appellant.

Any appellants seeking to appeal the Department's Superseding Order associated with this appeal will be required to demonstrate prior participation in the review of this project. Previous participation in the permit proceeding means the submission of written information to the Conservation Commission prior to the close of the public hearing, requesting a Superseding Order, or providing written information to the Department prior to issuance of a Superseding Order.

The request shall state clearly and concisely the objections to the Order which is being appealed and how the Order does not contribute to the protection of the interests identified in the Massachusetts Wetlands Protection Act (M.G.L. c. 131, § 40), and is inconsistent with the wetlands regulations (310 CMR 10.00). To the extent that the Order is based on a municipal ordinance or bylaw, and not on the Massachusetts Wetlands Protection Act or regulations, the Department has no appellate jurisdiction.



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

Provided by MassDEP:
SE35−1474
MassDEP File #

eDEP Transaction #
Hull
City/Town

## G. Recording Information

Prior to commencement of work, this Order of Conditions must be recorded in the Registry of
Deeds or the Land Court for the district in which the land is located, within the chain of title of
the affected property. In the case of recorded land, the Final Order shall also be noted in the
Registry's Grantor Index under the name of the owner of the land subject to the Order. In the
case of registered land, this Order shall also be noted on the Land Court Certificate of Title of
the owner of the land subject to the Order of Conditions. The recording information on this page
shall be submitted to the Conservation Commission listed below.

Hull
Conservation Commission

Detach on dotted line, have stamped by the Registry of Deeds and submit to the Conservation
Commission.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

To:

Hull
Conservation Commission

Please be advised that the Order of Conditions for the Project at:

27 Beach Avenue                           SE35-1474
Project Location                          MassDEP File Number

Has been recorded at the Registry of Deeds of:

County                                    Book            Page

for:
    Property Owner

and has been noted in the chain of title of the affected property in:

Book                                      Page

In accordance with the Order of Conditions issued on:

Date

If recorded land, the instrument number identifying this transaction is:

Instrument Number

If registered land, the document number identifying this transaction is:

Document Number

Signature of Applicant

**DEP File#: SE35-1474**          **Project Site:**      **27 Beach Avenue**
                                                         **Map 23/Lot 004**

**Applicant:  Athanasios Mitropoulos**     **Property Owner:   SAME**
**9 Kirkstall Road**
**Newton, MA 02460**

Pursuant to the Authority of the Massachusetts Wetland Protection M.G.L. c. 131, §40, the Hull Conservation Commission has reviewed your Notice of Intent and plans, and has determined that the area which is the subject of the permit application is significant to the interests of the Act. The said Commission has determined that your application is approved.

## HULL Standard Conditions

Conditions numbered **9, 11, 14, 15, 16, and 17** shall extend beyond the term of this Order and will be specifically referenced in the Certificate of Compliance as perpetual conditions applicable to this project.

1. Any changes to the approved plans shall require the applicant to inquire of the Conservation Commission, in writing, whether the change is so significant as to require a new Notice of Intent, an Amendment to the Order of Conditions, or a minor plan change.

2. No work shall begin until 1) the appeal period has lapsed, 2) the original Order has been recorded at the Registry of Deeds in Plymouth 3) the project manager has met with the Conservation Administrator or their designee to briefly review the project and to review and approve sedimentation barriers and/or erosion controls, and 4) a sign with the DEP File Number is placed in appropriate location.

3. The appropriate sedimentation barriers and/or erosion controls shall be constructed between the construction area and the resource area. They shall be placed in such a manner as to provide protection for the resource area. They shall be kept in good working order and must remain on-site until all areas have been stabilized with vegetation or other means or until the Commission determines that control measures are no longer necessary. Prior to the start of any construction on the project site, the Conservation Commission Office (781-925-8102) shall be notified that the sedimentation barriers and/or erosion controls are in place and ready for inspection.

4. Any excess material (e.g. soil and/or spoil) which is to remain on the Applicant's site as well as all areas of disturbed soil, shall be stabilized with the appropriate material (e.g. mulch, grass, and/or plantings) to prevent erosion and sedimentation.

5. Any excess material (e.g. soil and/or spoil) which was permitted for removal is to be removed and disposed of in a legal manner.

6. Notwithstanding the foregoing conditions, the Applicant is responsible throughout the construction period to take any and all measures necessary to protect the resource area. Should any damage occur during the course of construction, the Applicant, as the responsible party, shall bear the full cost of restoring the resource area to the satisfaction of the Commission.

7. Any and all contracts or subcontracts for this project shall include this document and the referenced plans. In the case of any conflicts, this document and the referenced plans shall be the rule.  This document and the referenced plans shall be available on the job site at all times during construction. If the Conservation Administrator or their designee conducts an impromptu site visit and discovers that this Order and the approved plans are not on-site, no work may continue until proper documentation is on-site.

8. During construction, members and agents of the Conservation Commission shall have the right to enter and inspect the premises to evaluate compliance with these conditions, the referenced plans, and to ensure compliance with the Wetlands Protection Act.  The applicant shall submit data or information deemed necessary by the Commission for such evaluation.

DEP File#: SE35-1474          Project Site:          27 Beach Avenue
                                                     Map 23/Lot 004

Applicant: Athanasios Mitropoulos     Property Owner:    SAME
           9 Kirkstall Road
           Newton, MA 02460

**9. This Order shall apply to any successor in interest or control. This condition is ongoing and will not expire at the end of three years.**

10. Any person who purchases, inherits or otherwise acquires real estate, upon which work has been done in violation of this Order, shall forthwith comply with this Order to restore such real estate to its condition prior to any such violation.

**11. There shall be no increase in sediment and/or siltation into the resource area. This condition shall not expire at the end of three years.**

12. The commission reserves the right to impose additional conditions on portions of this project to mitigate any impacts which could result from site erosion, or any noticeable degradation of surface water quality discharging from the site. Should such installation be required by the Commission, they shall be installed within 48 hours of the Commission's request.

13. All disturbed areas will be graded, loamed and seeded prior to November 1 of this year, if possible. No disturbed areas or stockpiled material will be left unprotected or without erosion controls during the winter.

**14. No pollutants of any kind shall be discharged or disposed of in the resource area. This condition is ongoing and will not expire at the end of three years.**

**15. No stumps or debris of any kind shall be buried on the site. This condition is ongoing and will not expire at the end of three years.**

**16. All hazardous materials (including but not limited to gasoline, paint, fertilizers, pesticides, etc.) shall be stored on shelves above the flood elevation. This condition is ongoing and will not expire at the end of three years.**

**17. No changes to existing drainage patterns are permitted. No additional fill and/or loam that would increase the topographical elevation of the property and/or change the existing drainage patterns are permitted. This condition is ongoing and will not expire at the end of three years.**

18. At the completion of the project, the Applicant shall submit WPA Form 8A and any or all of the following pertinent information to the Hull Conservation Commission in order to receive a Certificate of Compliance.
    a. A Request for Certificate of Compliance (WPA Form 8A), referencing the DEP File number.

    b. A written statement from a registered Professional Engineer that the project is substantially in compliance with this document and the referenced plans, and if different from the original plan, how and where it differs.

    c. A signed and stamped as-built topographic plan from a registered Professional Land surveyor that includes as-built elevations of all drainage structures within 100 feet of any resource area and all distances and elevations of all structures within 100 feet of any resource area.

    d. A written statement from a qualified wetland scientist attesting to compliance with state and local regulations is required for all wetland replication and/or restoration areas. Replicated areas must be constructed to provide the same functions and values that the natural area provided prior to impact. Only in-kind replication is acceptable (i.e. shrub to shrub, forested to forested, etc.). The replicated area shall be monitored through two growing seasons to achieve required standards.

**DEP File#: SE35-1474**          **Project Site:**      **27 Beach Ave**
                                                         **Map 23/Lot 004**

**Applicant:** **Athanasios Mitropoulos:**     **SAME**
              **9 Kirkstall Road**
              **Newton, MA 02460**

## HULL Special Conditions

Pursuant to the Authority of the Massachusetts Wetland Protection M.G.L. c. 131, §40, the Hull Conservation Commission has reviewed your Notice of Intent and plans, and has determined that the area which is the subject of the permit application is significant to the interests of the Act. The said Commission has determined that your application is approved. The work consists of: **(a) replace existing concrete block wall in existing location, (b) cut down existing concrete wall perpendicular to property line grade to be level with existing curb height.** The work shall be in accordance to the work shown on the plan and as described during the public hearing. The homeowner is responsible for ensuring the below Plan/s of Record are followed. If any further work or changes are proposed, they must be approved by the Conservation Commission.

**The following section lists the plans of record and special conditions for the above amended project, DEP File #SE35-1474**

**Final Approved Plans for Amendment:**

**(1)**
Plan entitled:          Annotated "Monument Plan"

Prepared by:            Nantasket Survey Engineering, LLC, annotated by applicant representative (A. Brodsky, Esq) on 9.24.2019.

For:                    Atha Mitropoulos

Signed & stamped by:    David G. Ray, No. 35412

Date:                   09/17/2018

The referenced plans are on file in the office of the Conservation Office.

**Special Conditions for SE35-1474 if any:**


1. Work done under this Order is restricted to applicant's property.

 **Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands          DEP File Number:
**WPA Form 8A – Request for Certificate of**      Provided by DEP
                    **Compliance**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40



## A. Project Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor - do not use the return key.

Replace existing concrete block wall in existing location. ½ cut down existing concrete wall perpendicular to property line grade to be level with existing curb height. ⅝ Stucco finish and cap on top.

1.  **This request is being made by:**

    Name          Athanasios Mitropoulos
    Mailing Address   9 Kirkstall Road
    City/Town  Newton  State  Ma   Zip Code  02460
    Phone Number    617 549 8023

2.  **This request is in reference to work regulated by a final Order of Conditions issued to:**

    Applicant     Athanasios Mitropoulos
              DEP File Number  SE35-1474
    Dated   9/17/2018

Upon completion of the work authorized in an Order of Conditions, the property owner must request a Certificate of Compliance from the issuing authority stating that the work or portion of the work has been satisfactorily completed.

3.  **The project site is located at:**

    27 Beach Ave
    Hull Ma 02045

    Street Address                City/Town
    Assessors Map/Plat Number         Parcel/Lot Number  004
                    23

4.  **The final Order of Conditions was recorded at the Registry of Deeds for:**

    Property Owner (if different)
                      Book  51711        Page  128
    County  Plymouth County

Certificate (if registered land)

5. This request is for certification that (check one):

    the work regulated by the above-referenced Order of Conditions has been satisfactorily completed.

    the following portions of the work regulated by the above-referenced Order of Conditions have been satisfactorily completed (use additional paper if necessary).

    the above-referenced Order of Conditions has lapsed and is therefore no longer valid, and the work regulated by it was never started.

## A. Project Information (cont.)

6. Did the Order of Conditions for this project, or the portion of the project subject to this request, contain an approval of any plans stamped by a registered professional engineer, architect, landscape architect, or land surveyor?

Yes

If yes, attach a written statement by such a professional certifying substantial compliance with the plans and describing what deviation, if any, exists from the plans approved in the Order.



No

## B. Submittal Requirements

Requests for Certificates of Compliance should be directed to the issuing authority that issued the final Order of Conditions (OOC). If the project received an OOC from the Conservation Commission, submit this request to that Commission. If the project was issued a Superseding Order of Conditions or was the subject of an Adjudicatory Hearing Final Decision, submit this request to the appropriate DEP Regional Office (see http://www.mass.gov/eea/agencies/massdep/about/contacts/find-the-massdep-regional-office-for-your-city-or-town.html).



# HULL CONSERVATION COMMISSION
## 253 Atlantic Avenue
### Hull, MA 02045
Phone: (781) 925-8102          Fax: (781) 925-8509

| | | | |
|---|---|---|---|
| **DEP File#:** | **SE35-1474** | **Project Site:** | **27 Beach Avenue**<br>**Map 23/Lot 004** |
| **Applicant:** | **Athanasios Mitropoulos**<br>**9 Kirkstall Road**<br>**Newton, MA 02460** | **Property Owner:** | **SAME** |

**To Whom It May Concern:**

Enclosed please find the Certificate of Compliance pursuant to the Wetlands Protection Act, General Laws, Chapter 131, Section 40 for the above referenced filing. Please pay particular attention to **Section D. Recording Confirmation** that states the following:

"The Applicant is responsible for ensuring that this Certificate of Compliance is recorded in the Registry of Deeds or the Land Court for the district in which the land is located."

Your Certificate of Compliance must be recorded and proof of recording sent to the Conservation Commission as required by the Wetlands Protection Act Regulation [310 CMR 10.05(9)(f)]. Your failure to comply may impact the process of transferring and/or refinancing the subject property so it is important to record this document immediately.

If you have any questions, please feel free to call.

On Behalf of the Commission,

Chris Krahforst
Conservation Administrator

For Registry of Deeds Use Only



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

DEP File Number:

# WPA Form 8B — Certificate of Compliance

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

SE35-1474

Provided by DEP

## A. Project Information

**Important:**
When filling out forms on the computer, use only the tab key to move your cursor - do not use the return key.




1. This Certificate of Compliance is issued to:

   Athanasios Mitropoulos
   Name

   9 Kirkstall Road
   Mailing Address

   Newton                                                    MA          02460
   City/Town                                                 State       Zip Code

2. This Certificate of Compliance is issued for work regulated by a final Order of Conditions or Order of Resource Area Delineation issued to:

   Athanasios Mitropoulos
   Name

   9/26/2019                                                 SE35-1474
   Dated                                                     DEP File Number

3. The project site is located at:

   27 Beach Avenue                          Hull
   Street Address                           City/Town

   Map 23                                   Lot 004
   Assessors Map/Plat Number                Parcel/Lot Number

   The final Order of Conditions or Order of Resource Area Delineation was recorded at the Registry of Deeds for:

   Property Owner (if different)

   Plymouth                                 51711         128
   County                                   Book          Page

   Certificate

4. A site inspection was made in the presence of the applicant, or the applicant's agent, on:

   Date



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
**WPA Form 8B – Certificate of Compliance**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

35-1474

Provided by DEP

## B. Certification

Check all that apply:

☒ **Complete Certification:** It is hereby certified that the work regulated by the above-referenced Order of Conditions has been satisfactorily completed.

☐ **Partial Certification:** It is hereby certified that only the following portions of work regulated by the above-referenced Order of Conditions have been satisfactorily completed. The project areas or work subject to this partial certification that have been completed and are released from this Order are:

_____   _____

_____   _____

☐ **Invalid Order of Conditions:** It is hereby certified that the work regulated by the above-referenced Order of Conditions never commenced. The Order of Conditions has lapsed and is therefore no longer valid. No future work subject to regulation under the Wetlands Protection Act may commence without filing a new Notice of Intent and receiving a new Order of Conditions.

☒ **Ongoing Conditions:** The following conditions of the Order shall continue: (Include any conditions contained in the Final Order, such as maintenance or monitoring, that should continue for a longer period).

Condition Numbers:

*See attached special conditions page*

## C. Authorization

Issued by:

*Hull*
Conservation Commission

8/27/2020
Date of Issuance

This Certificate must be signed by a majority of the Conservation Commission and a copy sent to the applicant and appropriate DEP Regional Office (See http://www.mass.gov/eea/agencies/massdep/about/contacts/ ).

✱ Signatures:

*Sam Bennin by CK, UPC*      *Paul Epstin by CK, UPC*
*Tammy B. + by CK, UPC*
*Sue Cozza by CK, UPC*
*Paul Regan by CK, UPC*

*For authorization for said signature, see Certificate of Vote Authorizing Signatures on file with the Plymouth County Registry of Deeds in Book 52738, Page 157.*

wpaform8b.doc • rev. 5/29/14

WPA Form 8B, Certificate of Compliance • Page 2 of 3



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
**WPA Form 8B – Certificate of Compliance**
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

SE35-1474
Provided by DEP

## D. Recording Confirmation

The applicant is responsible for ensuring that this Certificate of Compliance is recorded in the Registry of Deeds or the Land Court for the district in which the land is located.

Detach on dotted line and submit to the Conservation Commission.

To:

Hull
Conservation Commission

Please be advised that the Certificate of Compliance for the project at:

27 Beach Avenue                                   SE35-1474
Project Location                                    DEP File Number

Has been recorded at the Registry of Deeds of:

County

for:

Property Owner

and has been noted in the chain of title of the affected property on:

Date                                              Book                    Page

If recorded land, the instrument number which identifies this transaction is:

If registered land, the document number which identifies this transaction is:

Document Number

Signature of Applicant

| DEP File#: | SE35-1474 | Project Site: | 27 Beach Avenue |
| | | | Map 23/Lot 004 |

| Applicant: | Athanasios Mitropoulos | Property Owner: | SAME |
| | 9 Kirkstall Road | | |
| | Newton, MA 02460 | | |

## ONGOING Conditions

The following Conditions numbered **9, 11, 14, 15, 16, 17** are referenced as perpetual conditions applicable to this property.

9. This Order shall apply to any successor in interest or control. This condition is ongoing and will not expire at the end of three years.

11. There shall be no increase in sediment and/or siltation into the resource area. This condition shall not expire at the end of three years.

14. No pollutants of any kind shall be discharged or disposed of in the resource area. This condition is ongoing and will not expire at the end of three years.

15. No stumps or debris of any kind shall be buried on the site. This condition is ongoing and will not expire at the end of three years.

16. All hazardous materials (including but not limited to gasoline, paint, fertilizers, pesticides, etc.) shall be stored on shelves above the flood elevation. This condition is ongoing and will not expire at the end of three years.

17. No changes to existing drainage patterns are permitted. No additional fill and/or loam that would increase the topographical elevation of the property and/or change the existing drainage patterns are permitted. This condition is ongoing and will not expire at the end of three years.